**UNITED STATES of America,**

v.

**Sandra HATFIELD, David H. Brooks, Patricia Lennex, Defendants.**

**No. 06–CR–0550 (JS).**

United States District Court,
E.D. New York.

Jan. 11, 2010.

Richard Thomas Lunger, Jr., Esq., Christopher Allen Ott, Esq., James Halleron Knapp, Esq., James M. Miskiewicz, Esq., United States Attorneys Office, Central Islip, NY, for Government.

Roland G. Riopelle, Esq., Maurice H. Sercarz, Esq., Sercarz & Riopelle, LLP, New York, NY, for Defendant, Sandra Hatfield.

John C. Meringolo, Esq., Meringolo and Associates, P.C., Zaki I. Tamir, Esq., Gofer Tamir and Assoc., Richard Ware Levitt, Esq., Yvonne Shivers, Esq., Law Offices of Richard W. Levitt, Ira Lee Sorkin, Esq., Mauro Michael Wolfe, Esq., Dickstein Shapiro LLP, James M. LaRossa, Esq., New York, NY, Kenneth Ravenell, Esq., The Murphy Firm, Baltimore, MD, for Defendant, David Brooks.

Michael F. Bachner, Esq., Bachner & Herskovits, P.C., New York, NY, for Defendant, Patricia Lennex.

SEYBERT, District Judge:

Pending before the Court is the Government's motion in limine to preclude Defendants David Brooks and Sandra Hatfield from introducing, or alluding to, a purported copy of a March 31, 1997 Resolution of the Compensation Committee of DHB Capital Group Inc. ("the '97 Resolution") during their upcoming criminal trial. For the foregoing reasons, that motion is DENIED.

## DISCUSSION

This dispute concerns an alleged resolution of DHB's Compensation Committee. On March 31, 1997, DHB's Compensation Committee allegedly resolved to permit Mr. Brooks to use corporate funds to pay "any business and personal expenses" up to 10% of the Company's net income, supposedly in lieu of a bonus that Mr. Brooks was otherwise entitled to. DHB did not, however, incorporate this '97 Resolution, or its contents, in any of its contemporaneous public filings. Likewise, Mr. Brooks' 2000 employment agreement did not mention the supposed resolution or its contents. And DHB failed to produce the original '97 Resolution to the Government. Indeed, there is no trace of the '97 Resolution until 2004, when the SEC began investigating DHB's payment of Mr. Brooks' personal expenses.

The Government seeks to prevent Mr. Brooks from "using or referring to the '97 Resolution or its contents at trial." In this regard, the Government relies on Fed. R.Evid. 1003, which precludes introducing a "duplicate" document if "a genuine question is raised as to the authenticity of the original." The Government contends that, under this rule, Mr. Brooks cannot intro-

duce a copy of the '97 Resolution because "it is clear that the '97 Resolution is a fraudulent document created as a cover-up to conceal Brook[s'] looting of DHB."

Mr. Brooks responds that the Government's position is illogical, given that the Government "has indicted Mr. Brooks for alleged frauds that include the creation and dissemination of the 2004 Audit Committee Report, which, in turn, repeatedly mentions, relies upon and attaches the '97 Resolution as Exhibit L."

Mr. Brooks response is relevant, but ultimately not central to resolving the Government's motion. In arguing that the '97 Resolution "is a fraudulent document," the Government is expressly denying that an authentic original of the '97 Resolution ever existed. And, in so doing, the Government has precluded the Court from barring the '97 Resolution's admission. Under Federal Rule of Evidence 1008(a), "when an issue is raised" regarding "whether the asserted writing ever existed," the "issue is for the trier of fact to determine." This is because "it is often true that these questions determine outcome" and "few would doubt that the jury should decide whether a written [document] existed for purposes of deciding the case on the merits." Christopher B. Mueller and Laird C. Kirkpatrick, 5 FED. EVID. § 10:40 (3d ed.). Consequently, the jury, and not the Court, must determine whether the '97 Resolution is genuine. And, accordingly, Mr. Brooks must be permitted to introduce both a copy of the '97 Resolution, and any evidence he has supporting the '97 Resolution's legitimacy. See Hill v. City of Houston, 235 F.3d 1339 (Table), 2000 WL 1672663, *7 (5th Cir. 2000) (unpublished) (given Rule 1008, "the question of whether exhibit eight is a fake or rather, authentic copy was a fact question which was properly submitted to the jury"); Tinley v. Poly–Triplex Technolo-

gies, Inc., 07–CV–1136, 2009 WL 812150, *7 (D.Colo. Mar. 26, 2009) (permitting copy of agreement to be admitted into evidence, despite genuine questions concerning whether an original ever existed, because "evidence suggesting that the Tinley Agreement never existed, as well as the credibility of the parties' testimony regarding the existence of the Tinley Agreement are questions for the jury to decide under Rule 1008"). The Government may, of course, attack the legitimacy of the '97 Resolution, and the credibility of any evidence Mr. Brooks uses to try to substantiate it. But "these questions go to the weight, rather than the admissibility of the evidence." Tinley, 2009 WL 812150 at *7.

## CONCLUSION

The Government's motion in limine to preclude Defendants from "using or referring to the '97 Resolution or its contents at trial" is DENIED.

SO ORDERED.